Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: May 13th, 2019**

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | Chapter 11 |
| NEW TRINITY COAL INCORPORATED, | Case No. 19-20088 |
| | Honorable Frank W. Volk |
| Debtor. | Re: Docket No. 122 |

**AGREED ORDER DISMISSING CHAPTER 11 CASE**

This matter came before the Court upon the *Motion to Dismiss the Case by Essar Global Fund Limited* [Docket No. 122] (the *"Motion to Dismiss"*). Upon consideration of the Motion to Dismiss, all responses to the Motion to Dismiss, and the Court having held an evidentiary hearing on the Motion to Dismiss, and it appearing to the Court that adequate notice has been given and that no further notice is necessary; the Debtor, Essar Global Fund Limited ("*EGFL*"), Essar Minerals Canada Limited ("*Essar Canada*"), the Official Committee of Unsecured Creditors (the "*Committee*"), and the United States Trustee ("*U.S. Trustee*", and together with the Debtor, EGFL, Essar Canada, and the Committee, the "*Parties*") have agreed to dismiss the Case pursuant to terms of the *Protocol for Payment of General Unsecured Claims Upon Case Dismissal* (the "*Protocol*"), attached hereto and incorporated herein as **Exhibit 1**. The Court having reviewed the Motion to

1

Dismiss, all responses to the Motion to Dismiss, and the Protocol determined that the legal and factual bases set forth therein establish just cause for the relief granted herein, and it is HEREBY ORDERED THAT:

1. This Order shall become effective upon the Committee's filing of a Notice confirming receipt of the Deposit Amount (as defined in the Protocol) by Committee counsel and verifying the availability of such funds.

2. The Motion to Dismiss is **GRANTED** as set forth herein.

3. The Debtor's *Response To Motions By Essar Global Fund Limited To Dismiss The Case And To Appoint A Trustee* [Docket No. 184] is withdrawn.

4. Any other objections to the Motion to Dismiss are **OVERRULED**.

5. The *Emergency Motion of Essar Global Fund Limited Under 11 U.S.C. §§ 105(A) and 1104 to Appoint a Chapter 11 Trustee* [Docket No. 110] is moot.

6. The Case is dismissed with prejudice, subject to the terms and conditions of the Protocol.

7. Greg Wolfe shall serve as the Disbursing Agent (as defined in the Protocol).[1]

8. All Parties are to bear their own costs and expenses, except as expressly provided in the Protocol.

9. The Debtor shall remit to the U.S. Trustee all accrued and unpaid U.S. Trustee fees in the amount set forth in the Protocol by no later than thirty days after entry of this Order.

10. The requirements of Bankruptcy Rule 2002(a)(4) are waived.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

---

[1] Greg Wolfe's contact information is as follows: 78 Nicholson Blvd., Harlan, KY 40831; Phone: (606) 273-1267; Email: archgregorywolfe@yahoo.com.

IT IS SO AGREED THROUGH COUNSEL OF RECORD:

**FROST BROWN TODD LLC**

*/s/ Jared M. Tully*
Jared M. Tully, Esq.
W. Va. Bar No. 9444
500 Virginia Street, East, Suite 1100
Charleston, West Virginia 25301
304-345-0111 (Telephone)
304-345-0115 (Facsimile)
jtully@fbtlaw.com

Ronald E. Gold, Esq.
Patricia K. Burgess, Esq.
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800 (Telephone)
513-651-6981 (Facsimile)
rgold@fbtlaw.com
pburgess@fbtlaw.com

**VINSON & ELKINS LLP**
Steven M. Abramowitz
666 Fifth Avenue
26th Floor
New York, NY 10103
212-237-0000 (Telephone)
212-237-0100 (Facsimile)
sabramowitz@velaw.com

Rebecca L. Petereit
Garrick C. Smith
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
214-220-7700 (Telephone)
214-220-7716 (Facsimile)
rpetereit@velaw.com
gsmith@velaw.com

*Counsel for Essar Global Fund Limited*

/s/ *James M. Pierson*
James M. Pierson (SBID # 2907)
PIERSON LEGAL SERVICES
P.O. Box 2291
Charleston, WV 25328
Phone: 304-925-2400
Fax: 304-925-2603
jpierson@piersonlegal.com

*Counsel to the Debtor*

/s/ *Gary O. Kinder*
Gary O. Kinder, WV Bar No. 7732
Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
(304) 347-3406

*Counsel to the U.S. Trustee*

/s/ *Brandy M. Rapp*
Brandy M. Rapp (WV Bar No. 10200)
10 S. Jefferson Street, Suite 1110
Roanoke, VA 24011
(540) 759-3577 Tel.
(540) 759-3567 Fax
brapp@wtplaw.com

Michael J. Roeschenthaler
(PA Bar No. 87647)
200 First Avenue, Third Floor
Pittsburgh, PA 15222
(412) 618-5601 T
mroeschenthaler@wtplaw.com

*Counsel for Official Committee of Unsecured Creditors*

/s/ *David E. Potter*
David E. Potter (Pro Hac Vice)
Jaipat S. Jain (Pro Hac Vice)
LAZARE POTTER GIACOVAS & MOYLE LLP
747 Third Avenue, 16th Floor
New York, NY 10017
T: (212) 758-9300; F: (212) 888-0919
dpotter@lpgmlaw.com
jjain@lpgmlaw.com

/s/ *Stephen L. Thompson*
Stephen L. Thompson (#3751)
BARTH & THOMPSON
P. O. Box 129 Charleston, WV 25321
T: (304) 342-7111
F: (304) 342-6215
sthompson@barth-thompson.com

*Counsel to Essar Minerals Canada Limited*

# **EXHIBIT 1**

Protocol for Payment of General Unsecured Claims Upon Case Dismissal

## New Trinity Coal Incorporated
## Protocol for Payment of General Unsecured Claims Upon Case Dismissal

1. The New Trinity Coal Inc. (the "Debtor" or if post-dismissal "NTCI") chapter 11 case (the "Case") shall be dismissed as soon as practicable. The Dismissal Order (as defined below) shall be entered no later than May 16, 2019. The Official Committee of Unsecured Creditors (the "Committee"), the Debtor and the United States Trustee for the Southern District of West Virginia ("UST") shall fully support such dismissal, subject to the implementation of this protocol (this "Protocol"), and enter into an agreed order dismissing the Case (the "Dismissal Order"). The Debtor shall withdraw its objection to the EGFL motion to dismiss. This Protocol shall be an exhibit to and incorporated in the Dismissal Order.

2. Subject to paragraphs 9 and 10 below, the Debtor and NTCI shall pay as promptly as practicable all valid, unsecured, ordinary course of business claims against the Debtor and/or NTCI that are not contingent as to liability, or the subject of a bona fide dispute as to liability or amount.

3. Except as otherwise contemplated by this Protocol, entry of the Dismissal Order and the dismissal of the Case shall not affect the rights, claims and defenses of any Person[1] under applicable non-bankruptcy law. Except as otherwise contemplated by this Protocol, both the Debtor/NTCI, any and all creditors of any type and all other Persons shall retain their rights, claims and defenses under applicable law, which shall be expressly preserved.

4. Upon submission of the Dismissal Order to the Court for entry, Essar Global Fund Limited ("EGFL") will cause the deposit of $2,169,000 (the "Deposit Amount") into the attorney trust account of counsel to the Committee. The Deposit Amount will be the sum of:

    (i) all non-contingent, liquidated and undisputed unsecured claims of the Debtor listed on "Schedule E/F: Creditors Who have Unsecured Claims" as filed on March 25, 2019 (Docket No. 64), in an amount not to exceed $1,780,000 ("Scheduled Unsecured Claims") (and such portion of the Deposit Amount will be dedicated to the payment of amounts owed to unsecured creditors of the Debtor and NTCI);

    (ii) $150,000, representing the estimate of the reasonable fees and expenses of counsel and financial advisor to the Committee ("Committee Fees") (and such portion of the Deposit Amount will be dedicated to the payment of Committee Fees);

    (iii) $14,000.00, representing unpaid US Trustee Fees ("US Trustee Fees") (and such portion of the Deposit Amount will be dedicated to the payment of US Trustee Fees);

    (iv) $5,000, representing the maximum fees and expenses payable to the Fee Referee as described below;

    (v) $20,000, representing the maximum fees and expenses payable to the Disbursing Agent as described below; and

---

[1] "Person" shall have the meaning ascribed to it in the Bankruptcy Code.

    (vi)    $200,000, representing the agreed maximum amount of the reasonable post-petition attorneys' fees incurred by the Debtor's sole counsel, Pierson Legal Services, and any other lawyers or persons subcontracted or otherwise employed or retained by Pierson Legal Services, in connection with the Case ("Debtor Counsel Fees") that are to be paid from the Deposit Amount, after determination by the Fee Referee and giving effect to the unused portion of any retainers paid prior to the commencement of the Case (and such portion of the Deposit Amount will be dedicated to the payment of Debtor Counsel Fees as determined below). The Debtor has confirmed that there are no other professional fees outstanding that have been incurred in connection with the Case, including, without limitation, accounting or financial advisor fees, and that the amount of retainers that Pierson Legal Services received prior to the Petition Date was $50,000.

5. The Dismissal Order shall provide that is not effective until the Committee files a Notice with the Court confirming receipt by Committee counsel of the Deposit Amount and verifying the availability of such funds. The Committee shall file such a Notice as soon as possible upon such confirmation and verification.

6. The Dismissal Order shall become a "Final Order" when the time to appeal or seek reconsideration of the Dismissal Order shall have expired without the Dismissal Order having been modified in any manner and without any appeal or motion for reconsideration or similar motion having being filed, unless EGFL, in its sole discretion, waives such requirement. EGFL, the Debtor, the Committee, Riverdale Commodities S.A. and Essar Minerals Canada Limited hereby waive any right to appeal, object, contest or seek reconsideration of the Dismissal Order.

7. If the Dismissal Order is not entered by the Court by May 16, 2019 or does not become a Final Order on or before June 3, 2019, counsel for the Committee shall return the Deposit Amount to EGFL in full without setoff or reduction in any manner as soon as possible. It is expressly acknowledged and agreed that EGFL may waive this requirement in the event the Dismissal Order has been entered, but has not become a Final Order by the date provided above.

8. Upon entry of the Dismissal Order and such becoming a Final Order, counsel for the Committee shall transfer the Deposit Amount into a bank trust account controlled by the Disbursing Agent (defined below) (the "Disbursement Account"), governed by trust account documentation reasonably acceptable to EGFL and consistent with this protocol.

9. EGFL, the Committee and the US Trustee have worked in good faith to identify Greg Wolfe to serve as disbursement agent (the "Disbursing Agent").

    i) The identity and contact information of the Disbursing Agent shall be set forth in the Dismissal Order.

    ii) The Disbursing Agent shall be entitled to reasonable hourly compensation and reimbursement of reasonable expenses (including any professional fees), not to exceed $20,000 in the aggregate.

    iii) The Disbursing Agent shall have no responsibility to request Form W-9s or issue Form 1099s to any creditor or party receiving a payment or distribution from the Debtor or NTCI. The Disbursing Agent shall have no responsibilities for the tax liabilities or compliance with applicable tax laws on behalf of the Debtor or NTCI, as those responsibilities shall rest with the Debtor/NTCI. The Disbursing Agent shall have no responsibility for objecting to

claims. The Disbursing Agent is not an agent of NTCI or EGFL, rather, the Disbursing Agent shall act only for disbursement purposes pursuant to this Protocol. The Disbursing Agent may rely upon the information it is provided. The agreed upon costs, fees and expenses of the Disbursing Agent will be paid from the Disbursement Account as contemplated above.

iv) The Disbursing Agent will work cooperatively with NTCI and EGFL in discharging its duties (including seeking to reach agreement with NTCI and EGFL as to the propriety of payments with the good faith general intent that all payments, except the payment of Committee Fees, US Trustee Fees and/or Debtor Counsel Fees, made by the Disbursing Agent will be agreed to by the Disbursing Agent, NTCI and EGFL in good faith and consistent with this Protocol) and will provide NTCI and EGFL with such information as it may reasonably request.

v) The Disbursing Agent is authorized to pay undisputed portions of claims that are the subject of a bona fide dispute as to liability or amount, and that are not contingent as to liability.

vi) The Disbursing Agent will provide at least five (5) business days' notice to NTCI and EGFL prior to making a payment from the Disbursement Account, other than the payment of Committee Fees, US Trustee Fees and/or Debtor Counsel Fees, and will not make payment to the extent that NTCI or EGFL disputes in good faith any such payment based on the standards in paragraph 10.

vii) If the Disbursing Agent is or becomes unable to serve, then another independent person designated by EGFL will serve as Disbursing Agent.

10. It is agreed upon and acknowledged that the intent of the Disbursement Account is to make available sufficient funds to pay 100% of the allowed claims of general unsecured creditors of the Debtor as of the Petition Date that are not contingent as to liability, or the subject of a bona fide dispute as to liability or amount, as well as other expenses of the Case as detailed above. To the extent the Deposit Amount proves to be insufficient in the good faith determination of the Disbursing Agent in consultation with EGFL, EGFL shall cause the supplement of the Disbursement Account within five (5) business days of receipt of written notification from the Disbursing Agent for additional funding; provided that in no event will the total amount required to be funded to the Disbursement Account, including the Deposit Amount, exceed $2,500,000. The funds in the Disbursement Account may not be used to pay any claims owing to Riverdale Commodities, S.A., Essar Minerals Canada Limited and/or EGFL.

11. The Debtor/NTCI shall cause a copy of the Dismissal Order to be provided to all creditors and parties in interest listed in the Debtor's schedules and statement of financial affairs within five (5) days of the Dismissal Order being entered, and file a certificate of mailing with the Court evidencing the same.

12. All general unsecured creditors of the Debtor as of the Petition Date shall submit evidence of their respective claims to the Disbursing Agent at the address filed of record in the docket for the Case, and the Disbursing Agent will provide a copy to NTCI and EGFL.

13. Upon entry of the Dismissal Order, EGFL shall immediately be provided with access to the records and files of the Debtor germane to the analysis of assets and claims and the Debtor/NTCI (as well as each of its officers and directors and advisors other than Debtor's Counsel) will cooperate with such analysis. The Debtor has confirmed that it is in possession of its client file from Debtor's Counsel. Debtor's Counsel has confirmed that it does not have possession of any additional records or files relating to the analysis of assets and claims. EGFL shall promptly examine the available

information and conduct a claims analysis in good faith, and NTCI and EGFL will continue such good faith analysis after the entry of the Dismissal Order. With respect to Scheduled Unsecured Claims, all such claims that are valid, not contingent as to liability, or the subject of a bona fide dispute as to liability or amount shall be paid as soon as practicable, but in any event within 30 days of the Dismissal Order becoming a Final Order.

14. Invoices for Committee Fees (not to exceed the amounts set forth above) and US Trustee Fees shall be submitted to the Disbursing Agent and the US Trustee (with a copy to EGFL and NTCI). The Disbursing Agent shall pay such invoices within five (5) business days of receipt provided that the Dismissal Order has become a Final Order.

15. With respect to Debtor Counsel Fees, Doug Kilmer ("Fee Referee") will examine the post-petition fees and expenses incurred by the Debtor's counsel in connection with the Case. The Fee Referee shall be entitled to reasonable fees and expenses, not to exceed $5,000 in the aggregate. The Fee Referee will determine in its sole and absolute discretion the amount of the fees claimed by Debtor's counsel that would be allowable under Section 330 of the Bankruptcy Code had the Case not been dismissed. After determining the amount allowable under Section 330 of the Bankruptcy Code, the Fee Referee shall reduce that amount by the $50,000 retainer held by Debtor's counsel and direct the Disbursing Agent to pay the balance of the approved fees up to $200,000 from the Disbursement Account without further consultation with any person or entity; and, within the latter of five (5) business days of the Dismissal Order becoming a Final Order or of the Fee Referee making such determination, the Disbursing Agent will disburse the remainder of such allowable amount up to $200,000 from the Deposit Amount. For the avoidance of doubt, Pierson Legal Services waives the right to seek post-petition fees and expenses in excess of the amount determined by the Fee Referee to be allowable under Section 330 of the Bankruptcy Code not to exceed $250,000 (i.e. $50,000 retainer and $200,000 from the Deposit Amount).

16. Any unused amounts from the Deposit Account allocated to the fees of Debtor's Counsel or to any other purposes shall be returned to EGFL and any amounts remaining in the Deposit Account that are not allocated to claims that are valid, not contingent as to liability, or the subject of a bona fide dispute as to liability or amount on the date 120 days after the Dismissal Order becomes a Final Order shall be returned to EGFL and the Disbursing Agent shall be discharged from his duties.

17. EGFL and NTCI may condition any payments to creditors, other than counsel for the Committee, counsel for the Debtor and the Office of the United States Trustee, on such creditors executing documents reasonably requested by EGFL and NTCI, including customary releases and, if requested by EGFL, requiring that such creditor assign to it or a designee such creditor's claim in exchange for payment of the amount of the claim pursuant to customary assignment documentation.

18. EGFL or its designee may purchase any claims from creditors by agreement with such creditor at any time.

19. By agreement of EGFL and the Disbursing Agent, the provisions of this Protocol may be amended or modified from time to time in a manner that does not impair the rights of creditors of the Debtor, including without limitation, the rights of creditors contemplated by section 9 hereof.